UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CR419-082 |
| ) | |
| BENJAMIN RAY, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

Defendant Benjamin Ray is indicted on one count of attempted coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of committing a felony offense involving a minor as a registered sex offender, in violation of 18 U.S.C. § 2260A.  *See* doc. 1 (Indictment).  He moves to suppress evidence discovered as a result of the seizure of a cellular phone he contends violated the Fourth Amendment.  Doc. 19.  The Government opposes. Doc. 20; *see also* doc. 26 (Supplemental Response).  On September 13, 2019, the Court held a hearing on defendant's motion.  For any one of the three independently sufficient reasons, explained below, the motion should be denied.

First, Ray's motion is subject to summary dismissal for failing to satisfy both the Court of Appeals for the Eleventh Circuit and this Court's

substantive requirements. It is the well-established rule in this Circuit that "[a] motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. [Cit.] In short, the motion must allege facts which, if proven, would provide a basis for relief." *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) (citations omitted). Ray's one-page, two-paragraph motion does not satisfy the *Richardson* standard. Further, this Court's Local Rules require that "[e]very factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." S.D. Ga. L. Crim. R. 12.1. Ray's motion is utterly devoid of *any* factual allegations and he offered no fresh facts at the hearing. Either deficiency, standing alone, would be enough to dismiss this motion.

The second critical defect in Ray's motion is that he has not established his standing to challenge the phone's seizure. "Fourth Amendment rights are personal rights," and one who claims prejudice

only because a search or seizure produced damaging evidence lacks a sufficient personal interest, often referred to as "standing."[1] *Rakas v. Illinois*, 439 U.S. 128, 133-35 (1978). Although "standing" is not jurisdictional, it is often treated as a threshold merits question because "a defendant bears the burden of showing a legitimate expectation of privacy in the area searched . . . ," *United States v. Brazel*, 102 F.3d 1120, 1147 (11th Cir. 1997), or, as here, an interest in the property seized.

The fact that Ray challenges the *seizure* of the phone, not its *search*, which, after all, his counsel conceded was conducted only after obtaining a warrant, significantly affects the standing analysis. "[I]t is important to understand that a person without a justified expectation of privacy in [the] object [seized] . . . will still have standing as to the seizure if it constituted 'a meaningful interference with his constitutionally protected property rights.' By the same token, a person with standing to object to a search of that same object does not necessarily have standing to object

---

[1] Courts have frequently lamented that the personal-interest element of a Fourth Amendment challenge has come to be known as "standing," as that terminology creates confusion with the requirement of a justiciable "case or controversy." Despite the lexical overlap, the Supreme Court has clearly distinguished the two concepts. *See, e.g., Byrd v. United States*, ___ U.S. ___, 138 S. Ct. 1518, 1530 (2018). "Because Fourth Amendment standing is subsumed under substantive Fourth Amendment doctrine, it is not a jurisdictional question and hence need not be addressed before addressing other aspects of the merits of a Fourth Amendment claim." *Id.*

to a seizure of it." 6 Wayne R. LaFave Search & Seizure § 11.3 (5th ed. 2019) (cite omitted); *see also Texas v. Brown*, 460 U.S. 730, 747 (1983) (Stevens, J. concurring) ("The [Fourth] Amendment protects two different interests of the citizen—the interest in retaining possession of property and the interest in maintaining personal privacy. A seizure threatens the former, a search the latter.").

The D.C. Circuit has provided a valuable *précis* of the conceptual framework in examining whether the seizure of document boxes from a vehicle, which the driver did not own but had permission to use, violated the Fourth Amendment. *United States v. Miller*, 799 F.3d 1097, 1101 (D.C. Cir. 2015). Notably, after the boxes were seized, agents refrained from examining their contents until they obtained a search warrant. *Id.* The court noted three "distinct events . . . that could conceivably raise a Fourth Amendment question," the search of the vehicle transporting the boxes, the seizure of the boxes, and the search of the boxes. *Id.* The defendant only challenged the seizure of the boxes. Similarly, here, Ray challenges the seizure of the phone, but not the warranted search or discovery of its contents. *See id.* (noting that the defendant "raises no

4

challenge to the search of the boxes. . . . And for good reason: agents searched the boxes only after obtaining a search warrant.").

The D.C. Circuit's explanation is illuminating, and worth quoting in full.

> The Fourth Amendment protects two distinct "types of expectations," the first involving "searches" and the second involving "seizures." *United States v. Jacobsen,* 466 U.S. 109, 113 . . . (1984). The "interest protected by the Fourth Amendment injunction against unreasonable searches is quite different from that protected by its injunction against unreasonable seizures." *Arizona v. Hicks,* 480 U.S. 321, 328 . . . (1987); *see* 1 Wayne R. LaFave, Search & Seizure § 2.1(a) (5th ed. 2014). A search "occurs when an expectation of *privacy* that society is prepared to consider reasonable is infringed." *Jacobsen,* 466 U.S. at 113 . . . (emphasis added). A seizure, by contrast, "occurs when there is some meaningful interference with an individual's *possessory* interests in that property." *Id.* (emphasis added). It is well established that the reasonableness of a seizure turns on the nature and extent of interference with possessory, rather than privacy, interests, *e.g., id.* at 124–25, . . . ; and the Supreme Court has rejected the notion that "the Fourth Amendment protects against unreasonable seizures of property only where privacy or liberty [interests are] also implicated," *Soldal v. Cook Cnty., Ill.,* 506 U.S. 56, 65, . . . (1992).

*Miller*, 799 F.3d at 1102; *see also United States v. Odoni*, 782 F.3d 1226, 1237 (11th Cir. 2015) ("Searches and seizures implicate two distinct interests: a privacy interest affected by a search, and a possessory interest affected by a seizure.").

Since Ray only challenges the seizure of the phone, his standing depends upon interference with his possessory interest. Although he characterizes the phone as "his," and his counsel asserts, without any evidentiary support,[2] that he contributed to or paid for the cost of its service, it is undisputed that he was not the subscriber or in physical possession of the phone. Even assuming he could establish his property interest in the phone, the fact that he was incarcerated—and thus prohibited from possessing the phone[3]—eliminates any interference with his interests affected by the seizure. In a slightly different context, this Court has found that a criminal defendant's possessory interest in personal property "is at its nadir when . . . the defendant is prevented from

---

[2] During his argument at the hearing, defense counsel referred to the phone as belonging to Ray, but offered no evidence of that ownership, beyond counsel's statement. *See, e.g., United States v. Videa*, 754 F. App'x 872, 877 (11th Cir. 2018) ("statements of counsel are not evidence"). In response to the Court's question about what evidence he intended to rely on to support his assertions about Ray's interest, he deferred to Bailey's conversations with the officers that he contended indicate her belief that Ray had "exclusive" access to the phone. However, as discussed more fully below, neither Ray nor Bailey's subjective beliefs contradict the officers' reasonable belief that she had, at least, joint authority based on the phone's subscription in her name and her physical possession of it, while Ray was precluded from possessing it. The exact status and extent of Ray and Bailey's respective property rights to the phone are simply not relevant to the Fourth Amendment implications of officers' seizure. Their respective subjective beliefs about those rights are of even less consequence.

[3] Unauthorized possession of a cell phone by an incarcerated person is a violation of both federal and Georgia law. *See* 18 U.S.C. § 1791; O.C.G.A. § 42-5-18.

resuming his possession as a result of his detention." *United States v. Williams*, 2019 WL 1612833, at * (S.D. Ga. Feb. 27, 2019) (citing *United States v. Sparks*, 806 F.3d 1323, 1340 (11th Cir. 2015) ("[I]f the person from whom the item was seized lacks a cognizable possessory interest in the item, that person's Fourth Amendment rights are not violated by even a lengthy period between seizure and the procurement of a warrant."); *United States v. Sullivan*, 797 F.3d 623, 633-34 (9th Cir. 2015) (explaining that the intrusion on detained defendant's possessory interest in seized computer was "minimal" because "[w]here individuals are incarcerated and cannot make use of seized property, their possessory interest in that property is reduced."); *United States v. Clutter*, 674 F.3d 980, 984-85 (8th Cir. 2012); *United States v. Shaw*, 531 F. App'x 946, 949 (11th Cir. 2013) (distinguishing cases suppressing evidence based on unreasonably extended seizure because, among other reasons, the defendant "was in custody throughout the contested delay and concedes he could not have physically possessed the phones").

To be sure, incarcerated defendants' possessory interest in property is, generally, "reduced" and not "eliminated." However, given Ray's ambiguous interest in the phone, the interference in his possessory

interest, if any, was no more than *de minimis*. In other words, he has failed to establish his standing to challenge the seizure of the phone because the interference with his possessory intertest was not "meaningful." *See Jacobsen*, 466 U.S. at 113 (explaining that a Fourth Amendment "seizure" of property occurs "when there is some *meaningful* interference with an individual's possessory interest in that property." (emphasis added)); *Clutter*, 674 F.3d at 984-85 (the temporary seizure of computers to apply for a search warrant, while their owner was in jail "did not meaningfully interfere with his possessory interests."). Ray has proffered *no* evidence that the phone was "his" in anything more than a colloquial sense. In the absence of any such evidence, he has not borne his burden to establish his standing.

Finally, even if Ray had standing to challenge the seizure, his challenge would still fail. The Fourth Amendment's prohibition on *unreasonable* searches and seizures implies a sensitivity to circumstances. Law enforcement simply does not need to parse the minutiae of property law to conduct investigations. *See, e.g., Illinois v. Rodriguez,* 185-6 (the Fourth Amendment does not require that determinations of the factual context of law enforcement actions "always be correct, but that they

8

always be reasonable."); *cf. Brinegar v. United States*, 338 U.S. 160, 175 ("probable cause," deals with "probabilities," but "[t]hese are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."). In the context of evaluating ownership, in particular, it is enough if officers take reasonable notice of plausible appearances of custody or control. *See id.* at 188 ("[D]etermination[s] of consent . . . must 'be judged against an objective standard: would the facts available to the officer at the moment warrant a man of reasonable caution in the belief that the consenting party had authority . . . ?" (alterations, quotes, and cite omitted)). The Government presented uncontroverted evidence showing that the officers who seized the phone, at least, reasonably believed they had valid consent from defendant's girlfriend/fiancée.

In an almost identical factual situation, the United States Court of Appeals for the Eighth Circuit recognized the efficacy of a third party's apparent right to consent to a seizure of electronic devices. *See generally Clutter*, 674 F.3d 980. *Clutter* concerned the efficacy of a third party's consent to the seizure of his son's computer equipment. *Id.* at 982-3. The Court explained that "[e]ven where a third party lacks actual authority to

consent to search or seizure of shared property or premises, the Fourth Amendment is not violated if the officers reasonably relied on the third party's apparent authority to consent, [cit.], because the Amendment's reasonableness requirement demands of government agents 'not that they always be correct, but that they always be reasonable.'" *Id.* at 983 (quoting *Illinois v. Rodriguez*, 497 U.S. 177, 185 (1990)) (citation omitted). The *Clutter* court recognized that, even where the consenting party had no apparent property interest, the consent of the individual "who was in actual possession," was effective. *Id.* at 984-5. The same rationale applies here. *See United States v. Sukhtipyaroge*, 2018 WL 1726266, at * (D. Minn. April 10, 2018) (applying *Clutter* to a consensual seizure of an electronic storage device by a non-owner by "an individual with actual possession").

Two officers testified about the circumstances of the phone's seizure. First, Special Agent Harley Snipes, of Homeland Security Investigations, testified that an undercover operation had resulted in communications between an ostensibly fourteen-year-old girl—in fact an undercover officer—and an individual using a particular phone number. Agents discovered from the service provider that the subscriber of the number was "Patricia Bailey," whose address was the same as the address Ray had

provided to South Carolina authorities as part of his sex-offender registration. Sergeant Daniel Martin, of the Anderson County, South Carolina Sheriff's Office, testified that he was present with another officer when they interviewed Ray, while he was incarcerated on unrelated charges. He testified that Ray informed them that the phone at issue was with Ms. Bailey. Sergeant Martin also testified that Ray informed him that the phone was not password-protected. Password protection of an electronic device, like a cell phone or a computer, is "often [the] most important[ ]" factor in evaluating a third party's apparent authority. *See Clutter*, 674 F.3d at 984. Even assuming that Bailey's interest in the phone was not complete, *i.e.*, assuming that Ray and Bailey had a joint interest in the phone, Martin testified that Ray did not object when he was informed that law enforcement would seek to seize the phone. *Cf. Fernandez v. California*, 571 U.S. 292, 307 (2014) (failing to recognize a joint occupant's consent to a search, despite the absent co-occupant's prior objection, "would trample on the rights of the occupant who is willing to consent."). The combined facts that Bailey was the subscriber of the phone, had possession of the device, and that Ray did not object or assert his sole ownership when he was informed of officers' intent to seize it,

11

easily suffice to support the officers' reasonable belief in Bailey's authority to consent.

Whether Bailey had actual authority to consent to the phone's seizure or not – and there is not a scintilla of evidence that she did not – it was clearly reasonable for officers to rely on their knowledge that she was the subscriber and that she was in physical possession of the phone. Even if Ray established that he paid some or all of the costs associated with the phone and had regular possession of it, Bailey's joint or apparent authority would support officers' reliance on her consent to the brief seizure before they obtained a warrant for the phone's contents.

Accordingly, Ray's suppression motion should be **DENIED**. Doc. 19. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this 3rd day of October, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA