IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR419-082 |
| | ) | |
| BENJAMIN RAY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant Benjamin Ray's Motion for Compassionate Release. (Doc. 43.) The Government has opposed Defendant's motion. (Doc. 44.) For the following reasons, Defendant's motion (Doc. 43) is **DENIED.**

### BACKGROUND

In November 2019, Defendant pleaded guilty to attempted coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422. (Doc. 33.) Defendant was sentenced to 258 months' imprisonment. (Doc. 40.) Defendant is not currently in Bureau of Prisons ("BOP") custody, but Defendant is housed in transit at the Chatham County Jail in Savannah, Georgia pending BOP designation and transfer. (Doc. 44 at 2.)

### ANALYSIS

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. (Doc. 43 at 1.) In support of his request, Defendant contends that he has high blood

pressure, asthma, sleep apnea, has had a heart catheterization, and that he needs to take care of his mother-in-law. (Id.) The Government opposes Defendant's request and argues that Defendant failed to exhaust his administrative remedies. (Doc. 44 at 10-11.) In the alternative, the Government argues that Defendant's request should be denied because he has not provided evidence to support his medical conditions. (Id. at 11.) The Court finds that Defendant's motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) should be denied.

I.   ELIGIBILITY FOR COMPASSIONATE RELEASE

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon
> motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure
> of the Bureau of Prisons to bring a motion on the
> defendant's behalf or the lapse of 30 days from the
> receipt of such a request by the warden of the
> defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive

2

medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

In its response, the Government argues that "[a]lthough [Defendant] is currently not in BOP custody or in a BOP facility, at the very least he should demonstrate that he first attempted to notify the BOP" of his request for compassionate release. (Doc. 44 at 10.) Thus, the Government argues that because Defendant has not attempted to notify the BOP, Defendant has not exhausted his administrative remedies. (Id. at 10-11.) The Court disagrees.

"[A] court may waive the exhaustion requirement when administrative remedies are effectively unavailable or obviously futile." United States v. Ullings, 2020 WL 2394096, at *2 (N.D. Ga. May 12, 2020) (citing Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019)). "[E]xhaustion of BOP administrative remedies is futile and unavailable for custodial defendants who have been sentenced but are not yet in BOP custody." Id. at *3. See, e.g., United States v. Jepsen, No. 3:19-cv-00073(VLB), 2020 WL 1640232, at *3 (D. Conn. Apr. 1, 2020) (granting compassionate release request of detainee in the "Catch-22" situation of being unable to exhaust because he was in a "non-BOP facility"); United States v. Gonzalez, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020) (granting compassionate release request of detainee held in county jail pending BOP designation and transfer).

Accordingly, Defendant's motion for compassionate release (Doc. 43) is properly before this Court.

II.  <u>EXTRAORDINARY AND COMPELLING REASONS</u>

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. <u>See</u> U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. <u>Id.</u> n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the

4

environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that he suffers from high blood pressure, asthma, sleep apnea, and has had a heart catheterization. (Doc. 43.) In response, the Government recognizes that the CDC includes hypertension (high blood pressure) and moderate-to-severe asthma as conditions that might render the individual at an increased risk of severe illness from COVID-19. (Doc. 44 at 13.) The Government also recognizes that Defendant's Presentence Investigation Report ("PSR") states that Defendant takes medication for high blood pressure. (Id.) The Government, however, argues that Defendant has not provided any evidence to support that he suffers from asthma, sleep apnea, or that he has had a heart catheterization and that Defendant failed to provide evidence of the severity of his high blood pressure. (Id. at 14.) Thus, the Government contends that Defendant has not shown that he has a qualifying medical condition justifying compassionate release. (Id.)

The Court finds that Defendant's motion is due to be denied for two reasons. First, the Court does not find that Defendant "does not present a danger to the safety of any other person or the community." U.S.S.G. § 1B1.13(2). In § 1B1.13(2), the Court is instructed to determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in

18 U.S.C. § 3142(g)." 18 U.S.C. § 3142(g) provides the following factors to be considered: the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or involves a minor victim or a firearm, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. The Court finds that these factors weigh against Defendant's release from imprisonment. Here, Defendant's offense involved a minor and the nature of the offense—enticement of a minor to engage in sexual activity—poses a serious risk of harm to the victim. Moreover, Defendant's release would pose a risk of harm to minors in the community.

Further, even if the Court did not find that Defendant posed a risk to the community, the Court finds that Defendant has not provided "extraordinary and compelling reasons" which warrant a reduction in his sentence. Although the PSR indicates that Defendant has high blood pressure, it appears that his condition is controlled by medication and Defendant has failed to demonstrate the severity of his condition. Additionally, Defendant has not provided any evidence to support that he suffers from asthma, sleep apnea, or that he had a heart catheterization. See United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); United States v. Johnson, No. CR 108-110, 2020

6

WL 2449343, at *1 (S.D. Ga. May 12, 2020). The Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court finds that Defendant's motion should be denied.[1]

## CONCLUSION

For the foregoing reasons, Defendant Benjamin Ray's Motion for Compassionate Release (Doc. 43) is **DENIED**.

SO ORDERED this **27th** day of August 2020.

_____
WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant also argues that he qualifies for compassionate release because his mother-in-law "has been on her death bed several times since [his] incarceration." (Doc. 43.) For family circumstances to qualify as extraordinary and compelling reasons for compassionate release, the defendant must provide evidence of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver . . . ." U.S.S.G. § 1B1.13, n.1(C)(i)-(ii). In this case, Defendant has failed to allege qualifying family circumstances justifying compassionate release.